[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a medical malpractice action brought by the plaintiff Rita Wissink against the defendants Isaac Goodrich, M.D. and Neurological Associates of New Haven.
On May 31, 1994, the defendants served a subpoena duces tecum on Sound View Specialized Care Center ("Sound View") to appear at a deposition on June 16, 1994 and to bring its "complete and entire office file pertaining to [its] care and treatment of Rita Wissink to be used in evidence in the trial thereof." (Exhibit A to motion to quash).
Motion #116 is Sound View's motion to quash the defendants' subpoena duces tecum, on the ground that the subpoena implicates the rights of confidentiality that the plaintiff has in her medical records pursuant to General Statutes §§ 19a-550 and 52-146o(a). CT Page 8988 The defendants object to the motion to quash on the ground that the deposition and subpoena are authorized by General Statutes §§ 52-148e
(a) and (b), and on the ground that the plaintiff has consented to the disclosure.
Pursuant to Practice Book § 245(e)(1), the court may "quash or modify the subpoena if it is unreasonable and oppressive or if it seeks the production of materials not subject to production . . . ." See also General Statutes § 52-148e(d).
General Statutes § 52-146o provides in part that "[I]n any civil action . . . a physician, surgeon or other licensed health care provider shall not disclose . . . any information obtained by personal examination of a patient, unless the patient or hisauthorized representative explicitly consents to such disclosure." (Emphasis added.) Attached to the defendants' objection is a copy of a medical authorization, dated April 21, 1994, signed by the plaintiff. The authorization was sent to Sound View, and therefore Sound View's motion to quash is denied.
Motion # 117 is the plaintiff's motion for a protective order for the depositions of several "medical experts and health care providers," scheduled for June 16, 1994. The plaintiff argues that the defendants have not complied with Practice Book § 220(A)(2) and § 227(a). The defendants argue in response that they are entitled to subpoena any witness for deposition and to request that the deponent bring designated documents to the deposition, pursuant to General Statutes § 52-148e(a) and (b). The defendants also argue that Practice Book § 220(A) is not applicable because the specified health care providers have not been identified as expert witnesses.
Practice Book § 221 provides that "[u]pon motion by a party from whom discovery is sought, and for good cause shown, the court may make an order which justice requires to protect a party from annoyance, embarrassment, oppression, or undue burden or expense. . . ."
Practice Book § 220 involves the procedures to be followed with regard to discovery from expert witnesses. It is not clear whether the specified individuals have been designated as experts.
Practice Book § 227 involves requests for production of documents. This rule states in part that "[i]n all personal injury actions except those alleging death or product liability, the requests for production served shall be limited to those set forth CT Page 8989 in Practice Book Forms 106.11A and 106.11B, unless, upon motion, the court determines that such requests for production are inappropriate or inadequate in the particular action." Form 106.11-B provides for the discovery of plaintiff's medical records.
Although these rules provide for the discovery of medical records, it is unclear whether this is the exclusive method of obtaining the records. Practice Book § 243 provides, in part, that
 In addition to other provisions for discovery and subject to the provisions of Sec. 217, any party who has appeared in a civil action . . . where the court finds it reasonably probable that evidence outside the record will be required, may, at any time after the commencement of the action or proceeding, in accordance with the procedures set forth in this chapter, take the testimony of any person, including a party, by deposition upon oral examination. The attendance of witnesses may be compelled by subpoena as provided in Sec. 245.
The language of Practice Book § 245 closely follows the language of General Statutes § 52-148e, upon which the defendants rely.
Plaintiff's motion for a protective order, are denied because depositions are authorized by General Statutes § 52-148e(a) and (b), as well as Practice Book §§ 243 and 245.
Motion # 118 to quash the subpoena issued by the defendant is also denied for the foregoing reasons.
Howard F. Zoarski, Judge CT Page 8990